UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

v.  Case Nos.: 5:09cr30/RS/CJK
 5:11cv253/RS/CJK

**MILFORD VICKERS**
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 477). The Government has filed a response (doc. 479) and Defendant has filed a reply (doc. 483). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

### PROCEDURAL BACKGROUND

On June 23, 2009, Defendant was charged in seven counts of a thirty-two count indictment with conspiracy to distribute and possess with intent to distribute five (5)

kilograms of more of cocaine (Count One); three counts of distribution of cocaine on a date certain (Counts Fifteen, Seventeen, Twenty-three); and three counts of Use of a Communication Facility in committing a felony (Counts Sixteen, Eighteen and Twenty-Four) (doc. 26). Defendant pleaded guilty to Count Fifteen of the indictment pursuant to a written plea agreement and statement of facts (docs 112–113). According to the statement of facts, on or about May 11, 2009, Defendant called Dario Espinosa to arrange for Espinosa to supply him with cocaine (doc. 113 at 1). Specifically, Defendant told Espinosa that he wanted "around nine," meaning nine ounces of cocaine. Shortly thereafter the men met and Espinosa gave Defendant nine ounces of cocaine, which Defendant later sold (*id*.). The remaining six counts against Defendant were dismissed (docs. 114–115).

The rearraignment proceeding took place on July 23, 2009, and was unremarkable (doc. 368). Defendant had no questions as the court explained the rights he would be giving up by pleading guilty; he understood and admitted to committing the crime charged in Count 15; he understood that he could be sentenced up to a term of 20 years imprisonment, but that his sentence could not be a accurately predicted at that time; he acknowledged that the plea agreement represented his complete agreement with the Government and that he was entering into the agreement voluntarily; and he indicated his satisfaction with counsel (*id.* at 2–15).

The Presentence Investigation Report ("PSR") was disclosed to the defense on October 6, 2009 (doc. 207; final PSR doc. 307). In the final version of the PSR, Defendant was held accountable for 955.55 grams of cocaine for a base offense level

of 26[1] (PSR ¶¶ 18, 24). After a three level adjustment for acceptance of responsibility, Defendant had a total offense level of 23 (PSR ¶¶ 30, 33). Defendant had a criminal history category of V (PSR ¶ 66), and the applicable guidelines range was 84 to 105 months (PSR ¶ 86).

At sentencing, counsel vigorously argued that Defendant should be held accountable for only the nine ounces of cocaine involved in the charged offense conduct because his plea had been to simple possession rather than conspiracy (*see* doc. 369 at 4–17). Defendant did not contest the fact that he had been involved in controlled substance purchases beyond the one charged in Count Fifteen. Rather his argument went to the legality of holding him accountable for related conduct in light of the fact that he had not pleaded guilty to conspiracy. The court overruled the objection (*id*. at 17). The court declined to accept the defense argument that Defendant should receive an adjustment for a minor or minimal role (*id.* at 18–22). Defendant spoke at some length in allocution (*id*. at 24–28) Defendant expressed his belief that he had not been treated the same as the other defendants in his case. For instance, he felt that he was discriminated against because he had "no one to tell on;" he noted that he was detained even though he was not caught in possession of drugs or drug money while other co-defendants who had been caught in possession of drugs were released; he indicated that the PSRs of other defendants had been "doctored" such that they were held accountable for lower drug weights; he claimed that the Assistant United States Attorney "tricked" him into signing the plea agreement by

---

[1] From Defendant's objections and comments made by the defense at sentencing, the undersigned gleans that in the original PSR, only the nine ounces of cocaine that were the subject of Count Fifteen were attributed to Defendant (doc. 230 at 1; doc. 369 at 6). The Government objected, stating that three kilograms of cocaine were properly attributed to Defendant (doc. 230 at 2). The PSR was revised to reflect that Defendant was responsible for 935.55 grams of cocaine (*id*. at 3).

Case Nos.: 5:09cr30/RS/CJK; 5:11cv253/RS/CJK

offering him a shorter sentence than what he was facing; and he complained that he would face a longer sentence than anyone else even though he had no drugs in his possession at the time of his arrest merely because he had not "told on anyone." The court noted more than once that it was Defendant's criminal history that would make the biggest difference in Defendant's sentence (*id*. at 19, 30–31). The court sentenced Defendant to a term of 94 months imprisonment (*id*. at 32, doc. 289). Defendant appealed, and counsel filed an *Anders* brief and moved to withdraw. In his appellate brief, counsel argued that the district court had erred by holding Defendant accountable for an amount of cocaine greater than that specified in the count to which he had pleaded guilty (doc. 479 at 8). The Eleventh Circuit Court of Appeals, after an independent review of the entire record, affirmed Defendant's conviction and sentence on July 22, 2010 and permitted counsel to withdraw (doc. 434).

In the present motion, Defendant separates his claims into four grounds for relief, each of which claims ineffective assistance of counsel. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

<u>General Standard of Review</u>

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for

transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual

development." *Lynn*, 365 F.3d at 1232 n. 14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. See *Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Patterson*, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686; *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two part test also applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id.* at 59. In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941

F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir. 1999) ("To be

entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

Ground One

     Defendant first contends that counsel was constitutionally ineffective for his failure to argue on appeal that Amendment 742 to the Sentencing Guidelines, which was before Congress while his appeal was pending, applied to Defendant's case. Amendment 742 eliminated § 4A1.1(e) of the Guidelines, which at the time of Defendant's November 9, 2009 sentencing, added two criminal history points colloquially known as "recency points" if a defendant had engaged in criminal conduct less than two years after being released from confinement on another sentence. Because Amendment 742 did not take effect until November 1, 2010, and because this amendment is not retroactive, *see* U.S.S.G. § 1B1.10(c), it is not applicable to Defendant's case. Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit," and Defendant is not entitled to relief. *See Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (citations omitted); *see also Lambrix v. Singletary*, 72 F.3d 1500, 1507 (11th Cir. 1996); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).

Ground Two

Defendant next argues that counsel was ineffective for failing to argue that his sentence was "longer than it would have been had the stipulated drug amount been used" (doc. 477 at 3). This claim appears to be an attempt to reargue the very claim unsuccessfully argued by counsel at sentencing and on appeal: that Defendant should have been sentenced only based on the nine ounces charged in Count 15. Defendant may not relitigate issues that have been resolved on direct appeal. *Rozier*, 701 F.3d at 684; *Nyhuis*, 211 F.3d at 1343. To the extent that he argues that counsel's presentation of this issue was constitutionally ineffective, he does not suggest what other arguments counsel could or should have made that would have resulted in a different outcome. Defendant is not entitled to relief.

Defendant also argues that the Government breached the plea agreement because he was held accountable for more than the nine ounces of cocaine involved in the charge to which he pleaded guilty. This argument likewise fails. The district court correctly ruled at sentencing that "relevant conduct" was properly considered under U.S.S.G. § 1B1.3, despite the fact that Defendant had pleaded to possession and not a conspiracy. There was nothing in the plea agreement that restricted the court from considering such conduct in fashioning an appropriate sentence, and the plea agreement specifically stated that there were "no other agreements" between Defendant and the Government (doc. 112 at 3). Thus, there was no "breach" of the plea agreement.

Ground Three

Defendant contends that counsel should have argued that the drug weight for which he was held accountable was not supported by the record, but was merely a

"hypothetical estimation of what the quantity should be." This argument is without merit. In Defendant's case, the quantity of drugs attributed to him was arguably more reliable than the calculation in cases in which only a co-conspirator's testimony is used to determine the drug amount. Defendant's PSR reflects that the calculation was based on information gleaned from telephone calls between Defendant and his supplier, Espinosa, that had been intercepted by wiretaps (PSR ¶ 17a). Defendant was held accountable for only the quantities of cocaine supported by the wiretap, a total of 935.55 grams of cocaine (PSR ¶ 18). Thus, his assertion that the amount attributed to him was "hypothetical" is mistaken.

Defendant also claims that counsel was constitutionally ineffective because he never asked to cross-examine Espinosa, whose testimony was used to determine drug weight, and whose testimony Defendant now describes as "untruthful." First, Defendant does not have a constitutional right to confront witnesses at sentencing. *United States v. Castellano*, 430 F. 3d 1142, 1146 (11th Cir. 2005); *Muhammed v. Sec'y, Fla. Dep't of Corrs.*, 733 F.3d 1065 (11th Cir. 2013). More importantly, however, the court notes that Defendant admitted under oath at sentnecing that the relevant conduct attributed to him as set forth in the PSR was true and correct (doc. 369 at 27). These statements are presumed to be true, *see Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977), and Defendant has shown no reason to disregard his former sworn assertions, which corroborated the information secured through the wiretap, in this proceeding. Defendant is not entitled to relief on this ground.

Ground Four

In Defendant's fourth ground for relief, he again posits that counsel was ineffective because he failed to object to the quantity of drugs to the extent it was

based on Espinosa's statements. This assertion is factually without merit, as counsel did object to the quantity of drugs attributed to Defendant and this quantity was not based on Espinosa's statements, as previously discussed.[2]

Defendant contends that counsel was constitutionally ineffective because he failed to ask for proper jail credits. Sentencing credit for time-served is not within the purview of the sentencing court. It is the Attorney General, through the BOP, who has the responsibility for administering sentencing, including the computation of time-served credit, if any, allowed under 18 U.S.C. § 3585(b). *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). The district court does not have authority to award such credit at sentencing. *Wilson*, 503 U.S. at 335. Therefore, counsel was not constitutionally ineffective for his failure to raise this issue and Defendant is not entitled to relief.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and

---

[2] Defendant asserts within his fourth ground for relief that he was in the hospital in a coma during some of the alleged buys from Espinoza. The PSR reflects that Defendant was in a coma for nine days after a heart attack in September of 2008 (PSR ¶ 76). The only drug buys for which Defendant was held accountable all occurred during a two week period in May of 2009 (PSR ¶ 17a). Even if Espinoza made false allegations regarding other sales, his assertions had no effect on Defendant's sentence, and Defendant himself admitted the transactions set forth in the PSR (doc. 369 at 27).

Case Nos.: 5:09cr30/RS/CJK; 5:11cv253/RS/CJK

if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (doc. 477) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 10th day of March, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**